**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-457C
Filed: November 20, 2015

**FILED**
NOV 20 2015
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * *
```
                                          *
WILLIAM FREDERICK KEMP, JR.,[1]           *
                                          *
                                          *
                                          *
              Plaintiff,                  *
                                          *
       v.                                 *
                                          *
                                          *
UNITED STATES,                            *
                                          *
                                          *
                                          *
              Defendant.                  *
                                          *
```
* * * * * * * * * * * * * *

**Pro Se Plaintiff; Lack of Subject Matter Jurisdiction; Proper Defendants; Unlawful Confinement; Admiralty.**

**William Frederick Kemp, Jr.**, pro se, Adrian, MI.

**Veronica N. Onyema**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Deborah A. Bynum**, Assistant Director, **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Civil Division, Washington, D.C.

### ORDER

**HORN, J.**

#### FINDINGS OF FACT

Pro se plaintiff "William-Frederick: Kemp, Jr" filed a complaint with the United States Court of Federal Claims without naming the United States as a defendant, which was accepted for filing by the Clerk's Office. It is questionable whether the Clerk's Office should have filed plaintiff's submission as a complaint under the minimum standards for filing a complaint pursuant to the Rules of the United States Court of Federal Claims

---

[1] The plaintiff's name on the complaint that was submitted to the court is: "William-Frederick: Kemp, Jr (a 'natural person') American national (Art. IV, §4. non-obstante) All God-given and unalienable 'Rights' are expressly reserved ab initio-ad infinitum UCC §1308 without prejudice. . . ."

(RCFC) (2015). Nonetheless, once filed, the court reviews and considers plaintiff's complaint fully.

Although the complaint did not have the United States as a defendant, the complaint named the following defendants:

> 1 U.S. 14TH AMENDMENT CITIZENSHIP, et. seq., 2 SPECIAL DOCUMENTS OF TITLE: UCC §§7201, 7202, et. seq., 3 CORPORATE STATE (MI.) CITIZENSHIP, et. seq. 4 ENS LEGIS:[2] WILLIAM FREDERICK KEMP JR., et. seq. 5 First Account . . . and All present value Thereunder, 6 ALL COMMERCIAL BONDS (Regards #2, #4, and #5 supra.)[3]

The complaint includes numerous disjointed allegations. Plaintiff's complaint begins with the statement that plaintiff intends to bring "an Admiralty Cause of Action to 'wind-up' the (unlawfully imputed) ENS LEGIS: WILLIAM FREDERICK KEMP, JR. for Cause; and seize all Bonds, Accounts, and Orders therefrom. . . ." No further discussion of plaintiff's admiralty claim is included in the complaint. Plaintiff also does not provide further details or information identifying the bonds, accounts, and orders. The complaint subsequently spirals into further confusion and plaintiff's allegations are increasingly fragmented and difficult to follow. Moreover, over the course of the succeeding months, plaintiff has continued to file rambling and even more confusing submissions with various titles, most of which are not contemplated by the rules of this court.

Among plaintiff's rambling allegations, he contends that his original birth records and birth certificate are "tacit adhesion contracts" and "unconstitutional fraudulent conveyances" under which he has been extorted to pay taxes. Plaintiff alleges that, at the time of his birth, defendants "executed a 'field-warehousing arraignment' (UCC § 201, UCC § 7202) using My Original Birth Records and presenting my mother with a 'birth certificate.'" To this end, plaintiff argues that the social security number is a public debt instrument used to extort taxes and other value. Plaintiff appears to further argue that "WILLIAM FREDERICK KEMP JR." is a creation of the law, or an artificial being, and that he, plaintiff, is a separate, natural person. Plaintiff alleges that he is "natural person[4] . . . Non-assumpsit to de facto Public Debt Policy & 14th AMENDMENT Citizenship."

---

[2] "Ens Legis" is defined in Black's Law Dictionary as "[a] creature of law; an artificial being as opposed to a natural person. The term describes an entity, such as a corporation, that derives its existence entirely from the law." Black's Law Dictionary, 648 (10th ed. 2014).

[3] Capitalization, grammar, punctuation, and other errors are quoted in this Order as they appear in plaintiff's submissions.

[4] Plaintiff also confusingly states "I am NOT a 'U.S. PERSON' as defined in title 26 U.S.C. § 7701, et seq.."

Plaintiff asserts that he was subject to "unlawful 'BAILMENT'" at birth that:

> [C]learly constitutes "CONTRACTUAL" Kidnapping & Slavery amounting to "TREASON" with the de facto GOVERNMENT(s) State & Federal both working for their {Creditors} a foreign alien enemy agency acting upon American Soil a "Foreign Principal" 22 U.S.C.S. § 611 et.seq., i.e. the "UNITED NATIONS" the Bank of Reconstruction and the I.M.F. acting under a Title 11 U.S.C., Chapter 11 Reorganization of the U.S. {28 U.S.C. §3002(15)(A)) Corporation. . . ."

Plaintiff's complaint seems to allege he is affected by other contractual relationships between the United States and the State of Michigan, as well as the United States and the International Monetary Fund (IMF).

In the complaint, plaintiff also asserts that he is being unlawfully held and that the State of Michigan is guilty of treason, sedition, oppression under color of law, and the wrongful taking of his property. In his reply to defendant's motion to dismiss, plaintiff alleges there are other parties to this action: the "**STATE OF MICHIGAN, Inc.** (sub-corporation of the U.S. (Id., supra)); **COUNTY OF BRANCH, MI.** (49036); **CITY OF COLDWATER, MI.** (49036); the **STATE BAR OF MICHIGAN**; the **ABA**; and certain "**PERSONS**" acting in "**PUBLIC OFFICE**" **contrary to constitutional Restraints and Guarantees**."

For these alleged injuries, plaintiff demands extensive relief. Plaintiff asks this court to "seize <u>All</u> Bonds (Special Documents of Title UCC § 7201, UCC § 7202, UCC § 8102 et seq) and Accounts regards Me and My PERSON; wind-up the Ens Legis : WILLIAM FREDERICK KEMP JR. (UCC § 9307(h))," and $12,000,000 in money damages for "Acts and Omissions by the STATE and FEDERAL GOVERNMENTS/I.M.F." Plaintiff also demands that his property be "relinquished by the STATE OF MICHIGAN."

Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendant asserts that this court lacks jurisdiction to hear a contract action arising in admiralty as that jurisdiction is exclusively vested in the district courts. Defendant also argues that even if plaintiff did not allege an admiralty claim, "it is clear that Mr. Kemp has not alleged any facts that demonstrate the existence of (1) a contract between him and the United States, or (2) a money-mandating provision of law." Also, in its motion to dismiss, defendant asserts that this court does not have jurisdiction to "entertain claims asserted against states, localities, state and local government entities, or state and local government officials and employees. . . . Only the United States and its agencies are proper parties." Furthermore, defendant argues that, to the extent plaintiff asserts social security and unlawful imprisonment claims, those must be dismissed because this court does not have jurisdiction under the Tucker Act over claims related to social security benefits or the federal criminal code.

Setting aside the jurisdictional barriers to plaintiff's case, defendant argues that plaintiff's complaint should be dismissed for failure to state a claim because plaintiff's

3

claims for relief are based on conclusory statements that lack sufficient factual allegations to support his claims. According to defendant, "Mr. Kemp's claims do not rise above a speculative level and provide no plausible claim upon which relief can be granted."

Shortly after filing his complaint, plaintiff filed a motion to proceed in forma pauperis.[5] In that motion plaintiff states:

> Comes now the Man William-Frederick:Kemp, Jr (a "natural person") American national and hereby MOVES this [COURT] to waive fees & costs for a "natural person" in Accordance FRCP, or in the Alternative to Allow Plaintiff to proceed in forma Pauperis under waiver of fees & costs

Since filing his complaint, as noted above, plaintiff has engaged in filing numerous, difficult to understand documents with the court, including, among others, motions which seem to try to add defendants, to remove this case to the United States Supreme Court, and for a default judgment against the United States. Also, plaintiff was directed by the court on three occasions to file a response to defendant's motion to dismiss, which plaintiff eventually filed, but only after filing multiple defective and unresponsive submissions.

## DISCUSSION

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Comer v. Peake, 552 F.3d 1362, 1369 (Fed. Cir. 2009). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir.), reh'g denied (Fed. Cir. 2004).

---

[5] Defendant did not respond to plaintiff's motion.

Under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), the Court of Federal Claims has jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See 28 U.S.C. § 1491; see also United States v. Navajo Nation, 556 U.S. 287, 290 (2009). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised . . . by a court on its own initiative, at any stage in the litigation." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))).

As an initial matter, the court addresses the named defendants in plaintiff's complaint. In his complaint, plaintiff does not name the United States as a defendant, which is required under RCFC 10(a). It is not until plaintiff's reply to defendant's motion to dismiss that plaintiff finally lists the United States as a defendant. As noted above, the complaint lists as defendants:

> 1 U.S. 14TH AMENDMENT CITIZENSHIP, et. seq., 2 SPECIAL DOCUMENTS OF TITLE: UCC §§7201, 7202, et. seq., 3 CORPORATE STATE (MI.) CITIZENSHIP, et. seq. 4 ENS LEGIS: WILLIAM FREDERICK KEMP JR., et. seq. 5 First Account . . . and All present value Thereunder, 6 ALL COMMERCIAL BONDS (Regards #2, #4, and #5 supra.)

In addition to these defendants, plaintiff also seeks relief from the "**STATE OF MICHIGAN, Inc.** (sub-corporation of the U.S. (Id., supra)); **COUNTY OF BRANCH, MI.** (49036); **CITY OF COLDWATER, MI.** (49036); the **STATE BAR OF MICHIGAN**; the **ABA**; and certain "**PERSONS**" acting in "**PUBLIC OFFICE**" *contrary to constitutional Restraints and Guarantees*."

Pursuant to RCFC 10(a), all claims in the United States Court of Federal Claims must have "the United States designated as the party defendant." RCFC 10(a); see also 28 U.S.C § 1491(a)(1). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted); see also Kurt v. United States, 103 Fed. Cl. 384, 386 (2012). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); see also United States v. Sherwood, 312 U.S. at 588; May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd,

293 F. App'x 775 (Fed. Cir. 2008). It is, therefore, well-established that this court does not have jurisdiction to hear any claims against defendants other than the United States. Accordingly, all of plaintiff's claims against the named defendants other than the United States are dismissed.

Plaintiff does not specifically articulate the authority under which he believes this court can exercise jurisdiction to hear his complaint. In his complaint, plaintiff specifically "moves this court in an Admiralty Cause of Action." Under 28 U.S.C. § 1333 (2012), district courts have exclusive original jurisdiction to hear "any civil case of admiralty or maritime jurisdiction. . . ." 28 U.S.C. § 1333(1). "If a government contract claim concerns admiralty, the United States District Courts have exclusive jurisdiction." Hunsaker v. United States, 66 Fed. Cl. 129, 132 (2005); see also Thrustmaster of Texas, Inc. v. United States, 59 Fed. Cl. 672, 673 (2004) (holding that the Contract Disputes Act preserves admiralty jurisdiction in the federal district courts for suits arising out of maritime contracts). The law is well-settled that this court does not have jurisdiction to hear claims arising in admiralty, as such, plaintiff's claim to have an admiralty cause of action is dismissed for lack of subject matter jurisdiction.

Even if the allegations in plaintiff's complaint are viewed generously and the court considers plaintiff's allegations as separate from the admiralty claim, in order for this court to exercise jurisdiction of plaintiff's apparent contract claims, under the Tucker Act, 28 U.S.C. § 1491, a plaintiff must allege facts that demonstrate either a contract exists between himself and the United States, or plaintiff must somehow allege he is entitled to monetary relief under another money-mandating provision of law. Plaintiff alleges that his birth records and birth certificate constitute "adhesion contracts" with the United States that bind him to pay taxes. To establish a valid contract with the government, whether express or implied, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government in contract. See Kam–Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012). In his complaint and supplemental filings, plaintiff merely alleges, without explanation, that his birth certificate and birth records are adhesion contracts. Plaintiff also alleges that the social security number is a public debt instrument used to extort taxes and other value. Even a careful reading of the complaint does not demonstrate that plaintiff adequately alleges that a contract has come into existence sufficient for this court to exercise jurisdiction over his complaint. This court has previously held that "neither a birth certificate nor a social security number evidence a contract on which a private party can sue the Government. See Rivera v. United States, 105 Fed. Cl. 644, 650 (2012). Accordingly, plaintiff's alleged contract claims are dismissed.

Furthermore, plaintiff does not indicate what money-mandating statute or other provision of law entitles him to recover monetary damages from the United States. In his prayer for relief, plaintiff cites to the Uniform Commercial Code (UCC). The UCC is adopted as law separately by the states, it is not a federal law that applies to the United States. See McDonald v. United States, 13 Ct. Cl. 255, 260 (1987); see also Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp., 284 F.3d 1323, 1329 (Fed. Cir. 2002) (explaining that the UCC may serve to guide the creation of new federal law thereby

6

distinguishing the UCC from federal law); Kuehne & Nagel, Inc. v. United States, 17 Cl. Ct. 11 n.5 (1989) (explaining that the UCC does not apply to the federal government, "for federal common law governs the rights of the United States"). Accordingly, plaintiff cannot rely on the UCC as the money-mandating statute that entitles him to monetary relief from the federal government, and plaintiff does not cite to any other provision of law.

Additionally, plaintiff alleges that he is currently being "unlawfully held under 'Color-of-law'/Color-of-Office [Commercial Cause 2014-1280-FH] by unlicensed Attorn[eys] acting as [Judge] under Color-of-Office...." The United States Court of Appeals for the Federal Circuit has held that the Court of Federal Claims does not have subject matter jurisdiction over actions alleging unlawful confinement or imprisonment. See Cochran v. United States, 250 F.3d 754 (Fed. Cir. 2000) (affirming lower court's decision that it did not have subject matter jurisdiction over plaintiff's claim for false imprisonment and unjust conviction). In Zakiya v. United States, this court explained that 28 U.S.C. § 1495 (2012), gives the Court of Federal Claims jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned. Zakiya v. United States, 79 Fed. Cl. 231, 235 (2007). The statute, 28 U.S.C. § 2513, however, makes it clear that the Court of Federal Claims cannot review an alleged wrongful conviction and imprisonment. See id. In order to bring a claim against the United States to recover for an unjust conviction and imprisonment, a plaintiff must show that "his conviction has been reversed or set aside on the ground that he is not guilty . . . or that he has been pardoned." 28 U.S.C. § 2513(a)(1). As evidence to support such a claim, the plaintiff must provide a record or certificate of the court setting aside or reversing the conviction. See id. Mr. Kemp has not alleged, much less provided evidence, that his conviction was reversed or set-aside or that he received a pardon. Moreover, his return address lists the Gus Harrison Correctional Facility in Adrian, Michigan. As a result, this court lacks subject matter jurisdiction to hear plaintiff's claim that he is being unlawfully held.

Plaintiff also asks this court to "seize All Bonds (Special Documents of Title UCC § 7201, UCC § 7202, UCC § 8102 et seq) and Accounts regards Me and My PERSON; wind-up the Ens Legis : WILLIAM FREDERICK KEMP JR. (UCC § 9307(h))." As plaintiff's statement regarding this relief does not assert a claim for money damages, perhaps this is a request for declaratory or injunctive relief. The Federal Circuit has explained that the Court of Federal Claims "does not have general equity jurisdiction to grant injunctive relief." Shemonsky v. United States, 215 F.3d 1340 (Fed. Cir. 1999) (upholding decision of the Court of Federal Claims that the court's jurisdiction did not extend to injunctive or declaratory relief); see also Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); Choate v. United States, 60 F.3d 840 (Fed. Cir. 1995) (holding that "[t]he Tucker Act does not provide a means by which the Court of Federal Claims may grant injunctive or declaratory relief where the suit does not involve a pre-award protest or the application of section 7428 of the Internal Revenue Code"). As stated by the Federal Circuit:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716–17 (Fed. Cir.1998); see also United States v. Tohono O'Odham Nation, 563 U.S. 307 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."). Moreover, in an action brought under 28 U.S.C. § 1491(a), this court can only provide declaratory or injunctive relief "as an incident of and collateral to" a judgment for money damages. 28 U.S.C. § 1492(a)(2); see also Taylor v. United States, 113 Fed. Cl. 171, 173 (2013) (holding that the Tucker Act does not provide independent jurisdiction over claims for injunctive relief in contractual dispute cases). For example, in a case brought under the Tucker Act that did not involve a pre-award protest, once the Court of Federal Claims determined that it did not have jurisdiction to hear a plaintiff's claims for money damages, it necessarily followed that the court did not have authority to hear that plaintiff's claims for injunctive relief. See Kanemoto v. Reno, 41 F.3d 641, 645 (Fed. Cir. 1994); see also Taylor v. United States, 113 Fed. Cl. at 173.

In 2004, plaintiff filed an earlier complaint in this court "asserting various tort, declaratory, constitutional, and criminal claims," which was dismissed in an unpublished order on July 14, 2004. Kemp v. United States, 1:04-cv-00910 (Fed. Cl. July 14, 2004). Judge Firestone found that plaintiff had "failed to assert a colorable money damage claim within this court's jurisdiction. Without such a primary claim, this court cannot hear the plaintiff's claims for declaratory and injunctive relief." Id. Similarly, this court determines that it does not have subject matter jurisdiction to hear plaintiff's claims for money damages or for declaratory or injunctive relief, and, therefore, dismisses plaintiff's complaint for lack of subject matter jurisdiction.

When plaintiff filed his complaint, he also filed a motion to proceed in forma pauperis. According to his place of residence, plaintiff is an inmate at the Gus Harrison Correctional Facility in Adrian, Michigan. In order to provide access to this court to those who cannot pay the filing fees mandated in this court by RCFC 77.1(c), the statute at 28 U.S.C. § 1915 (2012) permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 217–18 (1993); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011).

When the person submitting a request to proceed in forma pauperis is a prisoner, 28 U.S.C. § 1915(a)(2) requires that the prisoner submit, along with the affidavit required by subsection (a)(1), a certified copy of:

> [T]he trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); see also Matthews v. United States, 72 Fed. Cl. 274, 277 (2006), recons. denied 73 Fed. Cl. 524 (2006). In the affidavit required under 28 U.S.C. § 1915(a)(1), a prisoner must further "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

A prisoner is "'charged with knowing what forms are required,'" especially if the individual has previously filed applications to proceed in forma pauperis. Resendez v. United States, 96 Fed. Cl. 283, 286 (2010) (quoting Piskanin v. Court of Common Pleas of Lehigh Cnty. & all of its Judges, 359 F. App'x 276, 278 (3d. Cir. 2009)). Failure to submit a trust fund account statement is grounds for a court to deny a prisoner's in forma pauperis application. See Resendez v. United States, 96 Fed. Cl. at 286 (denying pro se plaintiff's application due to failure to attach trust fund statement even though plaintiff made representations as to the amount contained in account) (emphasis added); Johnson v. United States, 82 Fed. Cl. 150, 152 (denying pro se plaintiff's application due to failure to include trust fund statement and required affidavit), appeal dismissed, 328 F. App'x 636 (Fed. Cir. 2008).

Therefore, pursuant to 28 U.S.C. § 1915(a)(1), in order to qualify for in forma pauperis status, an applicant must file an affidavit which includes a statement of assets, a statement that the applicant is unable to pay such fees or provide security, the nature of the action, defense or appeal, and that the affiant believes that he or she is entitled to redress. As a prisoner requesting in forma pauperis status, in accordance with 28 U.S.C. § 1915(a)(2), the plaintiff also must submit a certified copy of his or her prison trust fund account statement for the six months preceding the filing of the action.

In the above-captioned case, plaintiff failed to comply with the requirements of 28 U.S.C. § 1915(a)(1), rendering his application to proceed in forma pauperis deficient. Plaintiff's application merely states:

> Comes now the Man William-Frederick:Kemp, Jr (a "natural person") American national and hereby MOVES this [COURT] to waive fees & costs for a "natural person" in Accordance FRCP, or in the Alternative to Allow Plaintiff to proceed in forma Pauperis under waiver of fees & costs

Plaintiff's application to proceed in forma pauperis does not include an affidavit describing the "nature of the action, defense or appeal and affiant's belief that the person is entitled to redress," 28 U.S.C. § 1915(a)(1), nor does it include a certified copy of his prison trust fund account statement.

In addition to more than ten, previous, unsuccessful or ongoing, habeas petitions and writs of mandamus filed in other federal courts, a number of plaintiff's complaints have been dismissed because, after receiving specific instructions on how to properly apply for in forma pauperis status, plaintiff did not comply with those requirements. For example, plaintiff filed a complaint and application to proceed in forma pauperis in the Western District of Michigan, Southern Division, on April 9, 2015. See Kemp v. Michigan, 1:15-cv-00382-RHB-PJG (W.D. Mich.). In that case, the court issued a deficiency order on April 10, 2015 that stated:

> Plaintiff has failed to pay the filing fee or to apply in the manner required by law to proceed *in forma pauperis*. Under the provisions of the Prison Litigation Reform Act of 1995, if a prisoner wishes to proceed *in forma pauperis*, the prisoner must file a certified copy of a prisoner trust fund account statement and an affidavit of indigence.

Kemp v. Michigan, 1:15-cv-00382. That order included specific instructions directing plaintiff to file the required certified copy of a prisoner trust fund account statement and to submit an affidavit with a statement of all assets plaintiff possesses, a statement that plaintiff is unable to pay the fee or give security therefor, and a statement of the nature of the action. Plaintiff also filed an emergency petition for a writ of habeas corpus in that same court on April 16, 2015, and, one day after filing the petition, the court issued a deficiency order directing plaintiff to either pay the filing fee or, alternatively, file an affidavit of indigence and a certificate of prisoner trust fund account statement, pursuant to 28 U.S.C. § 1951. See Kemp v. Pollack, 1:15-cv-00406-PLM-PJG (W.D. Mich.). In that case, plaintiff did not file a proper application to proceed in forma pauperis.

These cases demonstrate that plaintiff was on notice of the requirements of how to properly file an application to proceed in forma pauperis when he filed his complaint and motion for leave to file in forma pauperis in the above-captioned case. Plaintiff was specifically informed of the filing requirements and, yet, continues to submit deficient applications to proceed in forma pauperis. The statute, 28 U.S.C. § 1915(e)(2), governing proceedings in forma pauperis, authorizes federal courts to deny in forma pauperis status and to dismiss claims if the court determines that the claims brought by the pro se plaintiff are frivolous or malicious, or fail to state a claim on which relief may by granted. That plaintiff submitted a deficient application to proceed in forma pauperis in this case is an independently sufficient basis to dismiss plaintiff's complaint.

Plaintiff's continued filing of incomplete or improper complaints and defective in forma pauperis petitions, as well as a continuous barrage of random filings should not be condoned. Like previous cases filed by this plaintiff, his complaint currently before the court raises issues which are clearly not within the jurisdiction of this court and plaintiff continues to ignore explicit directions on how to file in forma pauperis petitions. The United States Supreme Court explained in Neitzke v. Williams, 490 U.S. 319, 325 (1989), that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Id. at 325 (The Supreme Court also stated that the term " 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). The court may dismiss claims that are "based on an indisputably meritless

legal theory" and "claims whose factual contentions are clearly baseless." Id. at 327 (the latter category encompassing scenarios that are "fantastic" and "delusional"); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997), appeal dismissed, 152 F.3d 947 (Fed. Cir. 1998). Plaintiff's deficient complaint in case number 1:15-cv-00457, continuous inappropriate filings, such as his motion to remove this case to the United States Supreme Court, and his failure to follow direction on how to file his in forma pauperis application suggests serial misuse of the court process and rises to the level of frivolous.

## CONCLUSION

For all the reasons discussed above, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

*[signature]*

**MARIAN BLANK HORN**
**Judge**